UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIDAN KASSEM, et al., | No. 1:21-cv-01400-DAD-HBK |
| Plaintiffs, | |
| v. | ORDER DENYING DEFENDANTS' EMERGENCY MOTION FOR RECONSIDERATION |
| ANTONY J. BLINKEN, et al., | |
| Defendants. | (Doc. No. 11) |

This matter is before the court on defendants' emergency motion for reconsideration of this court's September 23, 2021 order granting plaintiffs' motion for preliminary injunction. (Doc. Nos. 10, 11.)  Pursuant to General Order No. 617 addressing the public health emergency posed by the coronavirus pandemic, the court takes this matter under submission to be decided on the papers, without holding a hearing.  For the reasons set forth below, the court will deny defendants' motion for reconsideration.

Federal Rule of Civil Procedure 60(b) allows the court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies

1

1  relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to
2  prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist.
3  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation
4  omitted). The moving party "must demonstrate both injury and circumstances beyond his control
5  . . . ." *Id.* (internal quotation marks and citation omitted). In seeking reconsideration of an order,
6  Local Rule 230(j)(3) requires plaintiff to show "what new or different facts or circumstances are
7  claimed to exist which did not exist or were not shown upon such prior motion, or what other
8  grounds exist for the motion."

9  "A motion for reconsideration should not be granted, absent highly unusual
10 circumstances, unless the district court is presented with newly discovered evidence, committed
11 clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals,*
12 *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks
13 and citations omitted). "A party seeking reconsideration must show more than a disagreement
14 with the Court's decision, and recapitulation" of that which was already considered by the court
15 in rendering its decision. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131
16 (E.D. Cal. 2001) (internal quotations marks and citations omitted). To succeed, a party must set
17 forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.
18 *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd*
19 *in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

20 Defendants advance two principal arguments in their motion for reconsideration:
21 (1) plaintiff Raidan Kassem ("Raidan") has not established standing; and (2) a District Court for
22 the District of Columbia issued an order denying a preliminary injunction under similar
23 circumstances in *Pushkar v. Blinken, et al.*, No. 21-cv-02297-CKK, 2021 WL 4318116 (D.D.C.
24 September 23, 2021), and this court should adopt the reasoning in *Pushkar*. (Doc. No. 11 at 3, 5.)
25 First, defendants argue that plaintiff Raidan's "interest in employing [plaintiff Osamah
26 Abdulhameed Muthana Nasser does not fall within [the] zone of interests" relevant to the
27 diversity visa section of the INA. (*Id.* at 3.) This standing argument repeats the arguments set
28 forth in the government's opposition to plaintiffs' motion for preliminary injunction, and does not

present new or different facts or circumstances that warrant reconsideration of this court's September 23, 2021 order. (Doc. Nos. 8 at 12–13; 10 at 6.) Furthermore, as discussed in this court's prior order, a transferor court may take some action prior to transfer if necessary to preserve the rights of the parties. See *Bel Canto Design, Ltd. v. MSS HiFi*, 813 F. Supp. 2d 1119, 1123–24 (D. Minn. 2011) (extending temporary restraining order while action is moved to another venue). Here, even if it were determined that venue is not proper in this District, as defendants contend, this court is still permitted to grant a preliminary injunction before the action moves to the District of Columbia, due to the fact that plaintiffs would be highly prejudiced otherwise. (*See id.*) Absent this court's September 23, 2021 order, plaintiffs would permanently lose their opportunity to have their diversity visa application adjudicated because the federal 2021 fiscal year ends in just three days on September 30, 2021.

Next, defendants argue that this court should reconsider its September 23, 2021 order on the sole basis that the district court in *Pushkar* "reached a different conclusion on the similar facts," including the timing for when plaintiff's visa case number became current and when plaintiff's application became documentarily complete. (Doc. No. 11 at 6.)

However, the order issued in *Pushkar* is not an "intervening change in the controlling law" nor "newly discovered evidence," but merely a different interpretation of somewhat similar but distinguishable facts by another district court. *See Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880. First, whereas the district court in *Pushkar* found that the plaintiff did not argue that her diversity visa application was affected by the State Department's 5-month delay in processing visas, this court explicitly found that "defendants created this delay due to their own actions in interpreting Presidential Proclamation 10014" and rejected the contention that defendants' total halting of scheduling visa appointments and processing visa applications for five months was not

/////
/////
/////
/////
/////

unreasonable.[1]  *See Pushkar*, 2021 WL 4318116 at *7; (Doc. No. 10 at 10–11 (citing Doc. No. 8-2 at ¶¶ 7–9)).  Furthermore, the district court in *Pushkar* found that the relief sought by the plaintiff to schedule a consular visa interview "would not address the 'irreparable harm' [p]laintiff claims; her visa application would still need to be approved or denied."  *Pushkar*, 2021 WL 4318116 at *11.  As this court discussed in its September 23, 2021 order, however, plaintiffs "are entitled to the opportunity to have their visa adjudicated as prescribed by 8 U.S.C. § 1202(b), and risk permanently and irreparably losing that opportunity at the end of the 2021 fiscal year."  (Doc. No. 10 at 8.)  Further, the injunctive relief granted by this court is not limited to merely scheduling the consular visa interview, but mandates defendants "to review the documents, schedule a consular visa interview, and issue a decision on the visa applications" in order to address the irreparable harm plaintiffs face.  (*Id.* at 14.)

As explained above, a motion for reconsideration "should not be granted, absent highly unusual circumstances" unless a party sets forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880; *Kern-Tulare Water Dist.*, 634 F. Supp. at 665.  Defendants have failed to meet this standard.  Defendants' motion for reconsideration does not set forth any new facts, and only presents another district court's opinion issued on the same day as this court's order in support of their motion for reconsideration.  A differing analysis by another district court based upon distinguishable facts is not "an intervening change in the controlling law" warranting reconsideration.

/////

---

[1]  Additionally, defendants' argument that there is no unreasonable delay because plaintiffs are not documentarily qualified is unpersuasive.  (Doc. No. 11 at 6.)  Plaintiffs allege they "submitted all necessary information and evidence supporting their applications for diversity immigrant visas" no later than March 2021 and defendants have not asserted otherwise.  (Doc. No. 1 at ¶¶ 85, 50.)  Defendants cannot reasonably claim that their own delay in reviewing plaintiffs' documents and deeming them documentarily qualified prevents plaintiffs from bringing a claim that the adjudication of their visa applications are unreasonably delayed.  To hold otherwise would create a perverse incentive for defendants to delay the initial step of assessing whether applicants are documentarily qualified in order to buttress their arguments that their delay was not unreasonable.

1 | Accordingly, defendants' motion for reconsideration (Doc. No. 11) of this court's September 23, 2021 order (Doc. No. 10) is denied.

IT IS SO ORDERED.

Dated: __**September 27, 2021**__    _____
UNITED STATES DISTRICT JUDGE