UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIDEN KASSEM, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ANTONY J. BLINKEN, et al.,<br><br>        Defendants. | No. 1:21-cv-01400-DAD-HBK<br><br>ORDER DENYING PLAINTIFFS' REQUEST FOR A COURT ORDER FINDING DEFENDANTS IN CONTEMPT AND IMPOSING SANCTIONS<br><br>(Doc. No. 14) |

This matter is now before the court on plaintiffs' request for an order finding defendants in contempt of this court's September 23, 2021 order (Doc. No. 10) and imposing sanctions. (Doc. No. 14.) Pursuant to General Order No. 617 addressing the public health emergency posed by the coronavirus pandemic, the court takes this matter under submission to be decided on the papers, without holding a hearing. For the reasons set forth below, the court will deny plaintiffs' pending request.

On September 23, 2021, this court issued an order granting plaintiffs' motion for a preliminary injunction and ordering defendants to:

> [R]eview the documents, schedule a consular visa interview, and issue a decision on the visa applications of Osamah Abdulhameed Muthana Nasser and all derivatives in defendants' case number 2021AS35359, on or before noon California time, September 28, 2021. The adjudication must occur before the end of the fiscal year on September 30, 2021[.]

(Doc. No. 10 at 14.)  On September 28, 2021, defendants filed a notice of compliance informing the court that plaintiffs received an in-person interview with a consular officer at the Djibouti Embassy and were denied diversity visas because "the applicant failed to include his spouse and children on the form as required by [8 U.S.C. § 1154(a)(1)(I)(iii); 22 C.F.R. § 42.33(b)(1)]." (Doc. No. 13 at 2.)  On the same day, plaintiffs filed their pending request, arguing that the consular officer's grounds for refusal were "legally and completely inapplicable to the applicants" and that such denial was made in bad faith.  (Doc. No. 14 at 1.)  Plaintiffs contend that the requirement that visa applications must include a visa applicant's spouse and children "applies explicitly to immediate relative and family-sponsored petitions," and is thus an invalid basis upon which to deny plaintiffs' diversity-based visa applications.  (*Id.* at 5–6.)  Plaintiff Osamah also declares that he "told the person who prepared and submitted his diversity visa entry application that he was married and had two children," and he tried explaining this to the consular officer conducting the interview, but the officer would not listen to him or let him explain.  (*Id.* at 6–7; Doc. No. 14-1 at 1–3.)

Section 204(a)(1)(I)(iii) of the Immigration and Nationality Act of 2011 ("INA") holds that a diversity visa petition "shall be in such form as the Secretary of State may by regulation prescribe and shall contain such information and be supported by such documentary evidence as the Secretary of State may require."  8 U.S.C. § 1154(a)(1)(I)(iii).  Federal regulations specifically dictate that diversity visa petitions, such as those at issue here, must include "[t]he name[s], date[s] and place[s] of birth and gender of the petitioner's spouse and child[ren], if any, (including legally adopted and step-children)[.]" 22 C.F.R § 42.33(b)(1)(v).  The U.S. Foreign Affairs Manual also states that "[a]pplicants who failed to list properly on his or her [diversity visa] lottery entry a spouse or child who was required to be listed are ineligible for a [diversity visa] for failure to comply with regulations prescribed pursuant to INA § 204(a)(1)(I)(iii).  The appropriate basis of refusal is INA § 204(a)(1)(I)(iii)." 9 FAM 502.6-4(U)(b)(2)(c)(iii).

Although plaintiff Osamah may have instructed his preparer to list his spouse and minor children on his diversity visa entry application, he has offered no evidence showing that his spouse and children were in fact listed on the submitted application.  Nor have plaintiffs made

2

any argument as to why 22 C.F.R. § 42.33(b)(1)(v) does not control here.  As such, it appears that 22 C.F.R. § 42.33(b)(1)(v) provides a valid basis for the denial of plaintiffs' diversity visa applications, and that defendants have complied with this court's September 23, 2021 order to review plaintiffs' documents, schedule a consular visa interview, and issue a decision on plaintiffs' visa applications.  (*See* Doc. No. 10 at 14.)  Accordingly, plaintiffs have not established that defendants failed to comply with this court's September 23, 2021 order, let alone that they have done so in bad faith.  To the extent that plaintiffs disagree with the denial of their visa applications, the proper remedy is to pursue an appeal from the denial.  That remedy is sufficient in light of the absence of any indication of a bad faith refusal to comply with this court's prior order.

Accordingly, plaintiffs' request for a court order finding defendants in contempt of this court's September 23, 2021 order and imposing sanctions (Doc. No. 14) is denied.

IT IS SO ORDERED.

Dated:   **September 29, 2021**                    _____
                                                                          UNITED STATES DISTRICT JUDGE